AO 91 (Rev. 11/11)  Criminal Complaint

FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

# UNITED STATES DISTRICT COURT
for the

District of New Mexico

2014 JUL -9  AM 8: 34

CLERK-LAS CRUCES

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| William Joseph Taylor | ) | Case No. 14 MJ 2343 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 18 and19, 2014 _____ in the county of _____ Dona Ana _____ in the

_____ District of _____ New Mexico _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 United States Code 1201(a)(1) | Kidnapping |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
_Complainant's signature_

Stephani Legarreta, Special Agent
_Printed name and title_

Sworn to before me and signed in my presence.

Date:  9 July 2014

_____
_Judge's signature_

City and state:  Las Cruces, New Mexico

Gregory B. Wormuth  U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT SUPPORTING COMPLAINT ON WILLIAM JOSEPH TAYLOR

I, Stephani Legarreta, having been duly sworn according to law, depose and state as follows:

1.     I am a Special Agent with Homeland Security Investigations (HSI) and have been so employed since January of 2008.  I am classified, trained and employed as a federal law enforcement officer with statutory arrest authority charged with conducting criminal investigations of alleged violations of federal criminal statutes, including Title 18 of the United States Code.  I am currently assigned as a criminal investigator for the Homeland Security Investigations Office, Las Cruces, New Mexico.

2.     The following information relating to the investigation of William Joseph Taylor (DOB: 11/04/1959) is personally known to me based on my own investigation, training and experience, including my review of investigative reports, or has been related to me by other individuals, including law enforcement officers involved in the investigation whom your Affiant believes to be reliable.  Based on the following information, there is probable cause to believe that Taylor kidnapped an individual and drove across state lines in violation of Title 18, United States Code, Section 1201(a)(1).

### Applicable Statutes

3.     According to Title 18, United States Code, Section 1201(a)(1), it is a federal crime to whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when- the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when the transported across a State boundary, or any means, facility, or instrumentality of interstate or foreign commerce in committing or in

1




furtherance of the commission of the offense.

## Background of the Investigation

### *Conduct Related to Kidnapping (18 U.S.C. ' 1201(a)(1))*

4.      Jane Doe, Adult Female (hereafter Jane Doe) identified William Taylor (hereafter Taylor) as the suspect.  Jane Doe stated she had come with Taylor from Shreveport, Louisiana, but between San Antonio, Texas and Las Cruces, New Mexico she decided she did not want to go with him any further.  Jane Doe stated, in the past, Taylor had bound her with duct tape and did not allow her to leave Taylor's tractor trailer that he drove for business.

5.      On the evening of June 18th, 2014, Taylor and Jane Doe had been at a local truck stop, when an argument began to escalate.  Jane Doe stated she was beaten up by Taylor, leaving injuries.  During the altercation, Taylor threw a box of condoms at Jane Doe which Jane Doe stated "he was gonna attempt it because he got on top of me and held me down several times".  Jane Doe stayed in the truck for the evening until she was able to escape after Taylor was asleep, and proceeded into the truck stop on the morning of June 19th to alert staff that she needed help regarding the incident.

Affiant learned the following from an interview with Detective Irma Palos with the Las Cruces Police Department and Jane Doe.

6.      Jane Doe and her husband met Taylor approximately one year prior when Jane Doe's husband was working as a diesel mechanic.  In April of 2014, Jane Doe's husband was incarcerated and Jane Doe found Taylor's business card and called him for help.  Taylor was generous and helped Jane Doe and also asked if she would like to travel with him while he worked, truck driving.  At the time, Jane Doe was a recovering alcoholic and homeless.  Jane

2



Doe decided to drive with Taylor across the country in April of 2014. Jane Doe stated that in the past, Taylor said Jane Doe had "two weeks", which Jane Doe clarified that Taylor meant she had two weeks to have sexual relations with him.

7.      Jane Doe had contacted Taylor in Shreveport, Louisiana, so Jane Doe could drive with Taylor in his business truck. Taylor stated to Jane Doe, he would be in town that Friday (June 13th) but later Taylor admitted he had been in town for a few days prior to, stalking JANE DOE. Taylor had been following Jane Doe by donning a disguise with dark sunglasses and a fake moustache, which Taylor showed Jane Doe as well as demonstrating where he had parked his vehicle as he followed her for the week leading up to Friday, June 13th, 2014.

8.      During their travel from San Antonio, Texas to Las Cruces, New Mexico on June 18th, 2014, Jane Doe begged Taylor to return her to Shreveport after speaking to her domestic violence counselors, to which Taylor replied, "Nope. You're not going back, you're a hostage. You're still in this truck, I'll get you back in thirty days".

9.      According to Jane Doe, Taylor had told Jane Doe she was a hostage and wasn't leaving the truck at several points throughout her trip with Taylor. On the evening of June 18th, 2014, while in Las Cruces, New Mexico, Taylor screamed at Jane Doe for three hours, "spitting in [her] face," and being very verbally abusive and attempting to control her behavior and responses through intimidation. Jane Doe places this incident at approximately 8:00 PM at a local truck stop. According to Jane Doe, Taylor's behavior was instigated from Jane Doe's telephonic conversation driving from San Antonio, Texas to Las Cruces, New Mexico with her Shreveport counselors about getting back in town for her meeting. Taylor yelled that he didn't want to hear the name of Jane Doe's husband again, and that he "didn't care if [he did] twenty years in the pen, [he's] gonna cut [Jane Doe's] head off." Taylor said he would "take care of"



Jane Doe's husband when he gets out of jail, and that he didn't care if he went to jail. The following occurred at the local truck stop in Las Cruces after Jane Doe and Taylor's travels from San Antonio.

      i.   Jane Doe was thrown to the back bunk of the cab, and was prevented from leaving, saying that she asked to go to the front, and Taylor refused to let her sit up front.

     ii.   Jane Doe had been so upset by the incident that she needed to go the bathroom, and Taylor refused to let her out of the back bunk, and as such Jane Doe had diarrhea on herself in the back of the cabin.

   iii.   Taylor then began punching Jane Doe in the arm and face.

   iv.   When Jane Doe tried to go to sleep to avoid confrontation, Taylor yanked her back around and ripped her clothes off, rendering her nude so she could not leave the truck.

     v.   Taylor asked Jane Doe "What do you choose? Do you choose duct tape or zip ties?" and then slams Jane Doe into the wall of the truck, busting open her lip.

   vi.   Taylor had thrown a notebook for Jane Doe to write out her plan for her counselors. Jane Doe believed that Taylor wanted her to report to him, and Taylor said that he was responsible for Jane Doe and she couldn't leave the truck.

  vii.   Jane Doe stated that she had never been as scared in her life as she was during the incident at the local truck stop.



  viii. Jane Doe had been duct taped somewhere during a previous route where Jane Doe's hands were bound together and her feet bound together.  This was the first time that Taylor told Jane Doe that she was his hostage.

  ix. During the incident, Taylor had shoved food down Jane Doe's throat, forcing her to eat.

  x. Jane Doe was made to lie naked on the floor, and waited until she was sure Taylor was asleep in the morning hours before slipping on some clothes and attempting to leave the truck.

  xi. Upon exiting the truck, Taylor awoke and asked her to come back, but that Jane Doe went into the truck stop lobby.

## Affiant learned the following from Las Cruces Police Department Detective Jeff Fergusson.

A. Detective Ferguson spoke to William Taylor regarding his involvement in the incident after Taylor knowingly and willingly waived his Miranda rights.

B. Taylor had met up in Shreveport with Jane Doe, who had accompanied Taylor on his trips.

C. Jane Doe had asked several times throughout the trip to "be let off in the next city," but that Taylor did not want to let her off, stating that he didn't have the money or resources to let her go.

D. Taylor stated Jane Doe, in the past had attempted to exit his truck while it was moving, and that he stated he became concerned for her safety.

E. Taylor stated that he had bound Jane Doe with duct tape during his past travels with her.



10.     Based on the facts contained above, I believe probable cause exists to believe that Taylor held Jane Doe against her will while traveling across State lines that would constitute a crime under 18 United States Code 1201(a)(1).

Prosecution of William Joseph Taylor was approved by Assistant United States Attorney Marisa A. Lizarraga.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Stephani Legarreta
Special Agent
Department of Homeland Security
Homeland Security Investigations

Subscribed and sworn before me this _9th_ day of July 2014 at _0900_ hours.

Honorable Gregory B. Wormuth
United States Magistrate Judge