IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>) Case No. 14-CR-02778-KG<br>vs. )<br>)<br>WILLIAM JOSEPH TAYLOR, )<br>)<br>Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION
FOR PSYCHIATRIC/PSYCHOLOGICAL EXAM
EVALUATION OF COMPLAINING WITNESS**

THIS MATTER is before the Court on Defendant's Motion for Psychiatric/Psychological Exam Evaluation of Complaining Witness (Motion for Psychological Exam), filed November 14, 2014.  (Doc. 71).   On November 21, 2014, the United States filed a response in opposition to Defendant's Motion for Psychological Exam.   (Doc. 78).   On December 2, 2014, the Court held a hearing on the matter.   Present at the hearing were Assistant United States Attorney, Marisa A. Lizarraga, Assistant United States Attorney, Randy Castellano, Defendant William Joseph Taylor, and counsel for Defendant, Dennis Candelaria and Barbara Mendel.   Having considered Defendant's for Psychological Exam, the corresponding briefs, and argument of counsel at the December 2, 2014, hearing, the Court denies Defendant's Motion for Psychological Exam for the reasons stated below.

Under Rule 601 of the Federal Rules of Evidence, every witness is presumed competent to testify "unless these rules provide otherwise."   Indeed, "[t]his general ground-clearing

1

eliminates all grounds of incompetency not specifically recognized in the rules of this Article." Fed. R. Evid. 601 advisory committee's note.  As such, "[n]o mental or moral qualifications for testifying are specified," and few witnesses are disqualified on grounds of mental capacity.  *Id.* "Discretion is regularly exercised in favor of allowing the testimony," and "[a] witness wholly without capacity is difficult to imagine."  *Id.*  In fact, "[e]ven the most traditional bases for excluding a witness as incompetent—such as insanity or immaturity—are no longer specifically preserved by a particular federal rule."  *United States v. Bedonie*, 913 F.2d 782, 799-800 (10th Cir. 1990) (insanity, immaturity, and mental incapacity are all bases for impeachment). Provided that a witness has the capability to testify truthfully, it is best left to the fact-finder to determine whether she in fact did so.  *See* Fed. R. Evid. 601 advisory committee's note (noting the question is one "particularly suited to the jury as one of weight and credibility").  Moreover, "the decision to order an examination is 'entrusted to the sound discretion of the trial judge in light of the particular facts.'"  *Government of the Virgin Islands v. Scuito*, 623 F.2d 869, 875 (3rd Cir. 1980) (citing *United States v. Benn*, 476 F.2d 1127, 1131 (D.C. Cir. 1972)).

    Here, Defendant argues that because the victim, Jane Doe, is an alcoholic, drug abuser, and presumably has been seen for psychiatric care, the Court should order a competency evaluation.  The United States responds that, under Rule 601, Jane Doe is presumed competent; that courts have denied defendants' requests for witness evaluations when much more severe mental defects were alleged; and that the issues raised by Defendant go to Jane Doe's credibility, not competency.

    The Court finds the arguments and authority raised by the United States persuasive.  In particular, the Court finds the reasoning of *United States v. Allen J.*, 127 F.3d 1292 (10th Cir.

2

Case 2:14-cr-02778-KG   Document 90   Filed 12/11/14   Page 3 of 3

1997), and *United States v. Phibbs*, 999 F.2d 1053, 1069 (6th Cir. 1993), to be particularly helpful. As noted by the Tenth Circuit in *Allen J.*, "[a]ny inconsistencies in the victim's story or problems with her testimony . . . raise questions of credibility, not competence."  127 F.3d at 1296. Furthermore, there is no evidence in the record that Jane Doe is incapable of understanding her oath and obligation to testify truthfully or unable to recall and communicate the alleged incident in this case.  *See Phibbs*, 999 F.2d at 1069 (holding that witness competent to testify if Rule 602 and Rule 603 satisfied).   Accordingly, the Court denies Defendant's Motion for Psychological Exam.

IT IS THEREFORE ORDERED that Defendant's Motion for Psychiatric/Psychological Exam Evaluation of Complaining Witness, (Doc. 71), is DENIED.

_____
UNITED STATES DISTRICT JUDGE