IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

V.                                                                                Case No. 14-CR-02778-KG

WILLIAM JOSEPH TAYLOR,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the parties Joint Briefing by the Parties on Two-Way Video Conference Testimony and a Defendant's Ability to Waive (Stipulated Motion). (Doc. 134). Having considered the arguments of counsel and applicable authority, the Court hereby GRANTS the parties Stipulated Motion.

*I.*    *Procedural History*

On January 8, 2015, the United States filed an Emergency Motion to Depose Essential Witness (Emergency Motion). (Doc. 127). In its Emergency Motion, the United States requested authorization from the Court to take a deposition of Vicki Hall (Ms. Hall) pursuant Rule 15 of the Federal Rules of Criminal Procedure. On January 12, 2015, Defendant filed a response in opposition. (Doc. 131). On the same date, the Court held a hearing on the matter. Present at the hearing were Assistant United States Attorney, Marisa A. Lizarraga, Assistant United States Attorney, Randy Castellano, Defendant William Joseph Taylor, and counsel for Defendant, Dennis Candelaria and Barbara Mandel.

During the January 12, 2015, hearing, the Court heard arguments from both parties. For reasons stated on the record in open court, the Court granted the United States' Emergency

Motion, thus permitting the parties to conduct a Rule 15 deposition of Ms. Hall.[1]  The Court then inquired of the parties whether, in light of the order authorizing the Rule 15 deposition, a continuance of trial is necessary.  Defense counsel conferred privately with Defendant and then with the United States.  Without addressing whether a continuance of trial would be necessary, Defense counsel informed the Court that Defendant preferred instead to proceed to trial and elicit testimony from Ms. Hall via live, two-way video conferencing.  In doing so, the Defendant stated his willingness to waive his Sixth Amendment right to face-to-face confrontation of Ms. Hall.  Insofar as the United States proposed video conferencing in its Emergency Motion as an alternative to Rule 15 deposition, (Doc. 127, n. 6), the Court construes the request of the parties as a stipulated motion.

While it is unclear from the record why Defendant opted not to proceed with the Rule 15 deposition or a continuance but instead proceed to trial as scheduled with two-way video conferencing, Defendant stated in open court that his decision was based on an informed discussion with his counsel.  *See* Emergency Mot. Hr'g Tr. 25, 28, January 12, 2015.[2]  The Court then engaged in a one-on-one discussion with Defendant, explaining the disadvantages of a witness testifying via two-way video conference versus testifying while physically present in the courtroom and face-to-face.  *See id.* at 26-28.  The Court also extensively canvassed Defendant to determine whether Defendant knowingly, voluntarily, and intentionally relinquished his Sixth Amendment right to face-to-face confrontation.  *See id.* at 26-31.  Specifically, the Court asked Defendant if he understood the implications and consequences of his waiver, whether Defendant was coerced or promised anything in exchange for his waiver, and whether Defendant consumed

---

[1]  In an Order, (Doc. 135), entered contemporaneously with this Memorandum Opinion and Order, the Court found the United States' Emergency Motion (Doc. 127), moot.

[2]  The Court's citation, "Tr." refers to the court reporter's original, unedited version of the transcript of the Emergency Motion hearing.  Any final transcript may contain slightly different page and/or line numbers.

any medication or alcohol that could have impeded his decision-making abilities. *See id.* at 26-29.  Defendant unequivocally responded that he understood the implications, he was not coerced or promised anything in return for his waiver, and he had not consumed any medication or alcohol the day of the hearing.  *See id.* at 26-31.

At the conclusion of the hearing, the Court requested additional briefing on the issue of admitting testimony via two-way video conference at trial, and, when and how a defendant can waive his Sixth Amendment confrontation right.  On January 13, 2015, the parties filed Joint Briefing by the Parties on Two-Way Video Conference Testimony and a Defendant's Ability to Waive.  (Doc. 134).

II.     *Discussion*

   A.  *Testimony Via Two-Way Video Conference*

The Confrontation Clause of the Sixth Amendment "reflects a preference for face-to-face confrontation at trial," but that preference "must occasionally give way to considerations of public policy and the necessities of the case." *Maryland v. Craig*, 497 U.S. 836, 849 (1990) (internal quotation omitted).   In *Craig*, the Supreme Court emphasized that the preference for face-to-face confrontation is strong, and, that a defendant's Sixth Amendment confrontation right "may be satisfied absent a physical, face-to-face confrontation at trial only where denial of such confrontation is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured." *Id.* at 850.

Applying the standard articulated in *Craig*, the Eleventh Circuit has held that a district court must hold an evidentiary hearing and consider other alternatives, such as a Rule 15 deposition, prior to allowing testimony via two-way video conference when the defendant objects to the admittance of such testimony.  *See United States v. Yates*, 438 F.3d 1307, 1314-16

(11th Cir. 2006) (en banc).  Therefore, a court may admit testimony via two-way video conference over a defendant's objection, only if the court, (1) holds an evidentiary hearing, (2) considers other alternatives, and (3) finds:  (a) that the denial of physical face-to-face confrontation at trial is necessary to further an important public policy, and (b) that the reliability of the testimony is otherwise assured.

    Here, an evidentiary hearing is unnecessary because Defendant does not object to conducting Ms. Hall's trial testimony via two-way video conference.  As addressed earlier, it is unclear from the record why Defendant does not oppose this method.  Nonetheless, the Court finds that Defendant's decision to abstain from objecting was based on an informed discussion with defense counsel and this Court.  The Court further finds that, if Ms. Hall's testimony is admitted at trial, Ms. Hall may testify via two-way video conference.

    B.  *Defendant's Waiver of His Sixth Amendment Confrontation Right as to Ms. Hall*

    A defendant may choose to waive his Sixth Amendment Confrontation Clause rights. *See Boykin v. Alabama*, 395 U.S. 238, 243 (1969) ("Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. . . . Third, is the right to confront one's accusers.").  The Tenth Circuit has recognized that a defendant may knowingly waive his Sixth Amendment Confrontation Clause rights at trial. *United States v. Lopez-Medina*, 596 F.3d 716, 730-34 (10th Cir. 2010) (recognizing Confrontation Clause rights may be waived at trial "at least where there is an explicit waiver").

    In the present case, Defendant explicitly, knowingly, voluntarily, and competently waived his Sixth Amendment Confrontation Clause right as to Ms. Hall.  This Court informed Defendant of the disadvantages of waiving his right.  This Court also carefully canvassed Defendant to ensure that Defendant was aware of his right and that he was not coerced to waive

his right.  Indeed, Defendant repeatedly and unequivocally indicated his desire to waive his Sixth Amendment right.  Accordingly, the Court finds that Defendant did explicitly, knowingly, voluntarily, and competently waive his Sixth Amendment Confrontation Clause rights for the limited purpose of eliciting Ms. Hall's testimony.

    IT IS, THEREFORE, ORDERED that the Stipulated Motion, including as incorporated in the Joint Briefing by the Parties on Two-Way Video Conference Testimony and a Defendant's Ability to Waive (Doc. 134), is hereby GRANTED.

_____
UNITED STATES DISTRICT JUDGE