IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14-CR-02778-KG |
| vs. ) | |
| ) | |
| WILLIAM JOSEPH TAYLOR, ) | |
| ) | |
| Defendant. ) | |

### ORDER GRANTING IN PART AND DENYING IN PART UNITED STATES' MOTION *IN LIMINE* FOR *DAUBERT* RULING TO PROHIBIT PROPOSED DEFENSE EXPERT TESTIMONY AT TRIAL

THIS MATTER is before the Court on the United States' Motion *in Limine* for *Daubert* Ruling to Prohibit Proposed Defense Expert Testimony at Trial (Motion *in Limine*), filed October 27, 2014. (Doc. 56). In the Motion *in Limine*, the United States requests the Court exclude expert testimony of Vardi Gaus, Defendant's proposed expert on commercial trucking industry standards and regulations. On October 20, 2014, Defendant filed a response in opposition to the United States' Motion *in Limine*. (Docs. 61 and 70).[1] On November 21, 2014, the United States filed a reply. (Doc. 77). On December 2, 2014, the Court held a *Daubert* hearing and heard testimony from Ms. Gaus, and arguments from both parties. Present at the *Daubert* hearing were Assistant United States Attorney, Marisa A. Lizarraga, Assistant United States Attorney, Randy Castellano, Defendant William Joseph Taylor, and counsel for Defendant, Dennis Candelaria and Barbara Mandel. Having considered Defendant's Motion *in*

---

1 On November 14, 2014, Defendant filed a second response in opposition. *See* (Doc. 70). Documents 61 and 70 are identical substantively. Document 70, however, includes Defendant's Ex. A, in support of Defendant's contention that Ms. Gaus is a qualified expert under Fed. R. Evid. 702. *See* (Doc. 70-1).

1

*Limine*, the corresponding briefs, the evidence presented at the December 2, 2014, *Daubert* hearing, and argument of counsel, the Court grants in part and denies in part United States' Motion *in Limine* for the reasons stated below.

## RELEVANT LAW

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 imposes on a district court a gatekeeper obligation to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Fulfilling the gatekeeper duty requires the judge to assess the reasoning and methodology underlying the expert's opinion and determine whether it is both scientifically valid and applicable to a particular set of facts. *Id.* at 592–93. The Supreme Court of the United States has made clear that "where [expert] testimony's factual basis, data, principles, methods, or their application are called sufficiently into question . . . the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of the relevant discipline.'" *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (quoting *Daubert*, 509 U.S. at 592).

Rule 702 uses a liberal definition of "expert." Fed. R. Evid. 702 advisory committee's note to 1972 proposed rules ("[W]ithin the scope of the rule are not only experts in the strictest

2

sense of the word, e.g., physicians, physicists, and architects, but also the large group sometimes called 'skilled' witnesses, such as bankers or landowners testifying to land values."). An expert is "required to possess such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in his search for truth." *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004) (internal quotation omitted).

The proponent of expert testimony has the burden of establishing by a preponderance of the evidence that the pertinent admissibility requirements are met. *Daubert*, 509 U.S. at 592 n.10 (citing *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987)). Once the trial court has determined that expert testimony would be helpful to the trier of fact, a witness "may qualify as an expert by knowledge, skill, experience, training, or education and . . . the expert . . . should not be required to satisfy an overly narrow test of his own qualifications." *Gardner v. Gen. Motors Corp.*, 507 F.2d 525, 528 (10th Cir. 1974) (internal quotation omitted). Courts should, under the Federal Rules of Evidence, liberally admit expert testimony, *see United States v. Gomez*, 67 F.3d 1515, 1526 (10th Cir. 1995) (describing Rule 702 as a "liberal standard"), and the trial court has broad discretion in deciding whether to admit or exclude expert testimony. *See Werth v. Makita Electric Works, Ltd.*, 950 F.2d 643, 647 (10th Cir. 1991) (noting trial court's decision will not be overturned "unless it is manifestly erroneous or an abuse of discretion").

To be reliable under *Daubert*, an expert's scientific testimony must be based on scientific knowledge, which "implies a grounding in the methods and procedures of science" based on actual knowledge, not mere "subjective belief or unsupported speculation." 509 U.S. at 590. In other words, "an inference or assertion must be derived by the scientific method . . . [and]

3

must be supported by appropriate validation—*i.e.*, 'good grounds,' based on what is known." *Id.* While expert opinions "must be based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation . . . absolute certainty is not required." *Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1519 (10th Cir.1995) (quotation omitted). "The [party moving to admit the expert] need not prove that the expert is undisputably correct or that the expert's theory is 'generally accepted' in the scientific community." *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir.1999) (citation omitted). Instead, the moving party must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts that satisfy Rule 702's reliability requirements. *Id.*

To assist in the assessment of reliability, *Daubert* lists four nonexclusive factors that the trial court may consider: (1) whether the opinion at issue is susceptible to testing and has been subjected to such testing; (2) whether the opinion has been subjected to peer review; (3) whether there is a known or potential rate of error associated with the methodology used and whether there are standards controlling the technique's operation; and (4) whether the theory has been accepted in the scientific community. 509 U.S. at 593–94. As noted, the list is not exclusive, and district courts applying *Daubert* have broad discretion to consider a variety of other factors. *Kumho Tire*, 526 U.S at 150 ("[W]e can neither rule out, nor rule in, for all cases and for all time the applicability of the factors mentioned in *Daubert*. . . . Too much depends upon the particular circumstances of the particular case at issue.").

## APPLICATION

Defendant seeks to elicit expert testimony from Ms. Gaus pertaining to federal regulations and general practices in the commercial trucking industry. Specifically, Ms. Gaus has been offered to render her opinions on (1) whether Defendant was in compliance with federal regulations and industry practices; (2) industry practices regarding seals; (3) industry practices and standards pertaining to use of the restroom inside or outside the cab; (4) industry use of logbooks; and (5) industry use and practices of the Qualcom system.

At the hearing on December 2, 2014, Ms. Gaus testified about her training and qualifications regarding standard trucking practices and federal regulations. Ms. Gaus worked in the transportation industry for almost twenty years, including sixteen years as an instructor and eight years as a truck driver. Currently, Ms. Gaus serves as the Faculty Chair for the truck-driving program at Central New Mexico Community College (CNMCC). She has held this position since October 2012, and has been with CNMCC as an instructor since August 2002, and as the Program Chair since October 2007. As an instructor in CNMCC's truck-driving program, Ms. Gaus' duties involved both classroom and field instruction. Among other topics, Ms. Gaus taught the Federal Motor Carriers Safety Regulations, vehicle inspection, maintenance, and operations, and log entry. As Program Chair, Ms. Gaus' duties included directing the commercial driver's license testing and truck-driving program, and supervising and directing the faculty for the truck-driving program. Accordingly, the Court finds that under Rule 702 Ms. Gaus is qualified as an expert in federal regulations and general practices in the commercial trucking industry.

The Court finds, nonetheless, that Ms. Gaus' testimony is, at best, marginally relevant,

and, therefore, will exclude certain portions of the testimony under Rule 403 because a large portion of the testimony will confuse the issues in this case and will be a waste of the juries time. More precisely, Defendant is not permitted to elicit testimony as to whether Defendant was in compliance with Conway Trucking's policies and procedures.   During the *Daubert* hearing, Ms. Gaus testified she was not familiar with Conway Trucking's policies and procedures.   Thus, in addition to the information being irrelevant, the information also falls outside Ms. Gaus' knowledge base.   Ms. Gaus, however, will be allowed to testify about general commercial trucking industry rider policies and procedures.   Ms. Gaus will also be allowed to testify about seals and the various types of seals that are generally found on commercial trucks such as the one Defendant was driving.   This testimony is conditioned on the fact that seals become an issue during trial, thus making the testimony relevant and helpful to the jury.   Ms. Gaus may also be allowed to testify about logbooks and the Qaulcom system, should there be conflicting theories from Defendant and the United States as to how those systems were used.   Further, the Court will also allow Ms. Gaus to testify about common practices regarding restroom breaks while drivers are on the road.   This ruling is subject to the Court's reconsideration, should the evidence differ at trial from that which the parties presently are anticipating.

## CONCLUSION

Ms. Gaus is qualified under Rule 702 to testify as an expert regarding federal regulations and general practices in the commercial trucking industry at trial.   The testimony shall be limited as the Court stated on the record at the hearing and as described above.   Accordingly,

the United States' Motion *in Limine* for *Daubert* Ruling to Prohibit Proposed Defense Expert Testimony at Trial, (Doc. 56), is GRANTED in part and DENIED in part.

_____
UNITED STATES DISTRICT JUDGE